## Sabiano *v.* German Roman Catholic Knights of St. George, Appellant.

Argued October 28, 1930.

Before TREXLER, P. J., KELLER, LINN, GAWTHROP, CUNNINGHAM, BALDRIGE and WHITMORE, JJ.

*J. A. Welsh,* for appellant.

*John L. Pipa, Jr.*, and with him *Fred B. Moser*, for appellee.

Opinion by Trexler, P. J., January 30, 1931:

Mary Sabiano brought this action of assumpsit against the defendant society, The German Roman Catholic Knights of St. George, for the sum of $500 which she alleges was due and payable to her by it as the beneficiary in a policy of insurance taken out by her husband, Frank Sabiano.

The defense to the action was that the insured had not paid his dues and assessments on or before April 15, 1926, and that at the time of his death, April 28th, he was non-beneficial. The defendant is a mutual beneficial society, having its principal office in Pittsburgh and a number of subordinate lodges or branches throughout Pennsylvania, including Branch No. 176, of Marion Heights, Northumberland County, of which the decedent was a member. The constitution and by-laws of the society provide that: "Not later than the 15th day of every month each active member shall pay to the secretary-treasurer of his respective branch, and assessment in such amounts then due, etc.," and that, "all members who neglect to pay the regular monthly assessments within the specified time shall be subject to a fine of 10 cents to be paid together with the assessments in arrears not later than the fifteenth day of the following month." "Failure to pay at the end of this time suspends members without notice and during the time of their suspension, they have no rights or claims on the order. If suspended members pay within two months later, figured from the date of suspension all the arrears, fines and assessments of the current month, can be reinstated at a regular meeting of the branch after a majority of the members have voted favorably on their reinstatement."

Frank Sabiano became a member of the society in November, 1924, at which time he took out a policy of $500, naming his wife, the plaintiff, as the beneficiary. He died on April 28, 1926, after an illness of about one week. The defendant now contends that Sabiano failed to pay the assessments due on the 15th of March, 1926 and on the 15th of April, 1926, and was thereby automatically suspended and all his rights in the society ceased. The pass book of the deceased shows the following entries:

| "1926 | Assessments | Fine | Receipt |
|---|---|---|---|
| January 15 | $1.60 | 10 | Jos. Janoka |
| February 15 | 1.60 | 10 | Adolph Janoka |
| March 15 | 1.60 | 10 | |
| April 15 | 1.60 | 10 | Adolph Janoka |
| May 15 | 1.60 | 10 | " |

The dues were $1.60 a month and the fine was 10 cents.

The only testimony offered by the plaintiff as to the payment of dues and assessments is her own and is in substance as follows: "I gave this book to my husband a few days before April 15th when he got sick. I saw the book, it contained the last three entries. I saw he had paid a month in advance. The fines were not marked in the book when I saw it. I turned the book over to my lawyer."

The plaintiff called Adolph Janoka, who was the secretary of the local branch, and the receipt book was shown to him. He identified his signature, which it will be noticed appears in the account above set out. He stated the entry was made on May 3, 1926, the day of the funeral and that payment of $5.00 was made for dues for three months and 20 cents fine; that the March and April dues were not paid when due; that $5.00 was paid by one, Joseph Phillipino, on the 3rd day of May, 1926, with Mrs. Sabiano present and the three payments receipted for with a single signature

and that afterwards there being no authority to re-ceive the $5, it was transferred to Phillipino's account and entered in his book, and this appears in Phillipino's book, which was exhibited at the trial.

There was evidence offered by the defense, showing that this decedent was not beneficial at the time of his death, but for present purposes, we will confine ourselves to the testimony offered by the claimant. The pass book of the decedent produced by his widow, shows on its face that the man was delinquent, as there were charges of 10 cents against the items of March 15th and April 15th. No one claims that on May 15th there was any payment made for that was after the death of the member. The plaintiff evidently realizing that the book in itself showed that the decedent was delinquent, testified that the fines were not in the book at the time when she saw it. This, we think, is the point where her case falls. The pass book being proven by the secretary and being in possession of the plaintiff, is prima facie correct. When she seeks to prove that the fines were not entered in the book, it is incumbent upon her to show when they were entered, for she and her lawyer had the book and it never passed out of their hands from the time when she received it to the day of the trial, except, if the secretary's story be true, on May 3rd when the last three entries were made. Her statement that there were no fines in the book when she saw it, amounts to nothing and has no probative force in the face of the fact that the written evidence which she produced shows that the decedent was delinquent. If the payments had been made as she claims, no fines could have been entered. We have come to the conclusion that there is no evidence to support the verdict in favor of the plaintiff.

The judgment is reversed and is now entered for the defendant.